Carlisle Moore, Plaintiff-Appellee, v. Insurance Company of North America, Defendant-Appellant.

Gen. No. 49,165.

First District, Second Division.

April 21, 1964.

Vogel & Vogel of Chicago (David F. Holland, of counsel), for appellant.

Edward H. Norton, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Carlisle Moore filed a statement of claim against Insurance Company of North America alleging that

on August 29, 1962, Gertrude M. Griffin, applied to defendant for $2,000 insurance on her life, naming her son, plaintiff, as beneficiary and paying to defendant the initial premium of $16.95; that on November 25, 1962, the applicant died; that on November 26, 1962, defendant purportedly rejected the application for insurance by letter to its broker, who advised plaintiff thereof by his letter dated November 30, 1962; that plaintiff refused to recognize the purported rejection of the application after the death of his mother, and that defendant refused to pay any part of the $2,000 to plaintiff except the tendering to him of the $16.95, which he refused. Plaintiff asks judgment for $2,000 plus interest and reasonable attorney's fees. The defendant's motion to strike the statement of claim and to dismiss the action was denied, whereupon defendant stood on the motion and judgment was entered for $2,500, including $500 allowed as attorney's fees. The defendant appeals.

Defendant, in urging reversal, states that the allegation of a mere application for insurance, rejected by the insurance company after the death of the applicant, does not afford a basis for recovery in either contract or tort in a suit brought by applicant's intended beneficiary. Plaintiff rejoins that the attempted rejection of the application and the initial premium paid therefor after the passage of three months and the death of the applicant is ineffectual to bar liability of the insurer for the amount of insurance sought. In support of his position plaintiff cites Lumbermen's Mutual Ins. Co. v. Slide Rule & Scale Co., 177 F2d 305 (CCA 7 1949) affirming 79 F Supp 394. We do not think that this case supports plaintiff's position. The case involved the question of the authority of a general agent, as distinguished from one who merely solicits applicants for insurance, to bind his principals. The one insurance company that was

288

found not liable in Lumbermen was in substantially the same position as the defendant in the case at bar. The company that was held not liable in the federal court had merely authorized the agent to solicit applications. When the agent attempted a binder or temporary coverage this company rejected it and declined to accept the risk. The District Court held that the purported binder was unauthorized and that the insurance company was not liable. The companies that were held had authorized the agent to receive and accept proposals for insurance and to issue binders. In the case at bar the statement of claim does not allege a binder, or temporary coverage or even a parol contract of a binder or temporary coverage. Plaintiff in the instant case merely alleges an application for insurance and a rejection. The subject matter was considered by the Supreme Court of Pennsylvania in Zayc v. John Hancock Mut. Life Ins. Co. of Boston, 338 Pa 426, 13 A2d 34. The court said that the legal relation between an applicant for insurance and the insurer are fundamentally the same as those between parties negotiating any other type of contract and are to be tested and governed by the principles applicable to contracts in general and held that mere delay, however great, in passing upon an application for insurance cannot be construed as an acceptance thereof by the insurer which would support an action ex contractu, notwithstanding payment of premium at time application is made. In the case of Miller v. Illinois Life Ins. Co., 255 Ill App 586, decedent's intended beneficiary alleged an application for insurance, payment of the initial premium, the death of the applicant and the rejection of the application after the applicant passed away. In affirming the dismissal of the action, the court said, p 589: "An offer to enter into a contract, which is not accepted, creates no rights, but may be revoked or lapsed be-

fore acceptance. [Citing cases.] Delay in passing upon an application for insurance cannot be construed into an acceptance by the insurer."

██ ██ The plaintiff does not make any attempt to assert liability on a tort theory for negligence in acting upon the application. The statement of claim does not allege any duty owed to him by the defendant or any breach of the duty. Under the Miller case an application for insurance is a mere offer and creates no rights and imposes no duty upon the insurance company. We find that the statement of claim fails to set forth ultimate facts presenting a cause of action upon either a contract or a tort liability theory. Therefore the judgment is reversed and the cause is remanded with directions to allow defendant's motion and to enter judgment for the defendant and against the plaintiff.

Judgment reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.