SUZANNE TALBOT, Plaintiff-Appellant, *v.* COUNTRY LIFE INSURANCE COMPANY *et al.*, Defendants-Appellees.

(No. 72-121;

Third District—January 2, 1973.

William H. Dailey, of Moline, for appellant.

Stuart Lefstein, of Rock Island, and John V. Patton, of Moline, both for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Rock Island County dismissing, for failure to state a cause of action, an amended complaint filed by Suzanne Talbot, the plaintiff, against Country Life Insurance Company, the defendant in Count I and against Roy Melody, the defendant in Count II.

Count I of the amended complaint alleges in substance that; on September 13, 1969 Larry L. Talbot the husband of plaintiff applied in writing to the company's agent, Roy Melody for a life insurance policy in the amount of $15,000.00 on his own life, designating plaintiff as beneficiary; a first premium was then and there paid; on Feb. 19, 1970 Larry Talbot died; defendant retained the first premium and made no attempt to return it until Feb. 21, 1970; between the time of application and death Larry L. Talbot was in good health, his life was an insurable risk; he would have been able to obtain and would have obtained a policy from another company if it had not been for the representations of defendant; that defendant failed to take action on the application within a reasonable time; failed to issue a policy in accordance with the application and; failed to give notice of the action, if any, taken on the application and; that as a direct and proximate result the plaintiff was damaged.

■■■ One of the steps necessary to effecting an insurance policy is the filing of an application by the prospective insured; the application, being a mere offer or proposal for a contract of insurance, is not a contract. The existence of a contractual relationship between the parties (absent a binder) depends upon the acceptance by the insurer of the application. In the instant case the appellant concedes that she has no action *ex contractu* (the original complaint was on that theory). Neither the application nor the premium receipt provisions, if any, were pleaded, no binder is claimed; so the issue (Count I) is whether an insurer may be liable in tort for damage resulting from unreasonable delay in passing on an application for insurance.

■■ There are divergent views on the question. On the one hand, it has been said that the failure of an insurer to act upon an application for insurance within a reasonable time, with resultant damage is a breach

of the insurer's duty subjecting the company to liability for negligence. On the other hand, it has been said that an application for insurance is a mere offer and the insurer is under no duty to act on the offer. 43 Am. Jur.2d Insurance, Sec. 214, 215; 14 Am.Jur.Pl. and Pr. Forms (Rev.) Form 111; Couch on Insurance 2d, Sec. 7:29; 44 C.J.S. Sec. 232 (c) bb. page 986.

In the instant case the insurer relies on *Bradley v. Federal Life Insurance Co.*, 295 Ill. 381. There the suit was in tort for negligence in failing to issue a policy within a reasonable time. The Appellate Court in 216 Ill.App. 692, reversed a judgment for plaintiff on the ground that the cause of action did not survive, relying on *Jones v. Barmm*, 217 Ill. 381, which had construed the words, "actions to recover damages for an injury to * * * personal property" (as used in the Survival Statute) to apply only to tangible personal property. The *Jones* holding was the law until 1966 when in *McDaniel v. Bullard*, 34 Ill.2d 487, the Supreme Court, in discussing *Jones*, stated, on page 490, "We think the statute ought no longer be given such a narrow, technical construction. Whatever may be the distinction between a property right in its most general sense and "Real or personal property" we cannot consider property tangible merely because people thought of it that way in the 19th century. Such a rule of statutory construction would lead to absurd consequences and would largely defeat the object of the Survival Act in modern society." The court held that the term "personal property" as used in the Survival Statute, Ill. Rev. Stat. Chap. 3, Sec. 339 to be no longer limited to only tangible articles and reversed the law as stated in *Jones v. Barmm.*

To get back to the Supreme Court decision in *Bradley;* for some reason counsel for plaintiff admitted and conceded in his briefs that the decedent had no cause of action in his lifetime; and the case "simply held that when, as there conceded by the interested party, no cause of action accrues to a person in his lifetime there is, of course, nothing which survives to his administrators or executors". (*Commrs. of Lincoln Park v. Schmidt*, 386 Ill. 550, 560.) In the case at hand appellant challenges the proposition that no right accrued previous to the applicant's death.

Both *Miller v. Illinois Life Insurance Co.* 255 Ill.App. 586, and *Moore v. Insurance Co. of North America*, 49 Ill.App.2d 287, were contract cases brought on that theory alone, and have no application here.

This court in *Wille v. Farmers Equitable Insurance Co.*, 89 Ill.App.2d 377, recognized unreasonable delay and quoted Appleman, Insurance Law and Practice, vol. 12, Sec. 7226 where the author states, "The more liberal and probably better rule, is to the effect that an insurance com-

pany obtaining an application for insurance is under a duty to accept it or reject it within a reasonable time."

Appleman also states in Sec. 7232, "The better rule is to the effect that where application was made for a life policy with a beneficiary being designated to receive the proceeds, a cause of action lodges in such beneficiary, upon the applicant's death, for unreasonable delay on the part of the insurer, in accepting or rejecting such application."

Count II charges the agent Roy Melody with having failed to take action on said application within a reasonable time and failing to give notice of any action taken on the application. The complaint clearly alleges that Roy Melody was the agent of Country Life Insurance Company (as distinguished from being a broker). Brokers as distinguished from soliciting agents have long been held liable in tort, 22 I.L.P. Insurance Sec. 77, page 123. The agent here is not the agent of the applicant. He is the agent of the company and his primary responsibility is to the company.

It has been suggested that the duty of an agent to use care in dealing with the application may be based on the principal, familiar in negligence cases, that one who enters upon an affirmative undertaking, to perform a service for another, is required to exercise reasonable care in performing it, to avoid injury to the beneficiary of the undertaking. Insurance agents who take applications, particularly where they receive premiums, may be said to have entered definitely upon a course of affirmative conduct, and be liable for misfeasance if they unreasonably delay. Prosser, Delay in Acting on an Application for Insurance, 3 University of Chicago Law Review 39 (1935). This appears to us to be a salutary rule. The thought it stands for is that the agent or company owes an applicant for insurance what amounts to a legal obligation to act with reasonable promptness on the application, either by providing the desirable coverage or by notifying the applicant of the rejection of the risk so that he may not be lulled into a feeling of security or put to prejudicial delay in seeking protection elsewhere. *Coffey v. Polimeni,* 188 F.2d 539; 43 Am.Jur.2d Insurance, Sec. 175; Annotation 29 A.L.R.2d 171.

Those engaged in the insurance business understand perfectly the peculiar urgency of the need for prompt attention in these matters, and in fact many premium receipts provide for delay by inserting an express provision that if the application is not accepted within a definite time it shall be deemed to have been rejected; others provide for a definite termination date (where conditional insurance is expressly given from the date of the application provided the applicant is then insurable for the

plan and amount and at the premium rate applied for). Meyer, Life and Health Insurance Law, p. 121.

For the above reasons the judgment of the Circuit Court of Rock Island is reversed.

Judgment reversed.

STOUDER, P. J., and ALLOY, J., concur.