**Thurman R. HOOK, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Dr. Herman L. Hirsch, individually and in his capacity as an employee/agent-physician of General Electric Company; and Compuchem Corporation, Defendants.**

No. EV 89–160–C.

United States District Court,
S.D. Indiana,
Evansville Division.

June 27, 1990.

**628**

Michael C. Kendall, Fillenwarth, Dennerline, Groth & Baird, Indianapolis, Ind., for Thurman R. Hook.

William E. Roberts, Kenneth J. Yerkes, Barnes & Thornburg, Indianapolis, Ind., and K. Richard Hawley, Hawley, Hudson & Almon, Mt. Vernon, Ind., for General Elec. Co.

Kevin J. Messmer, Robert H. Hahn, Bamberger, Foreman, Oswald & Hahn, Evansville, Ind., for Compuchem Corp.

Michael McCray, Statham, Johnson & McCray, Evansville, Ind., for Dr. Herman L. Hirsch.

## MEMORANDUM

BROOKS, Chief Judge.

### I. Introduction to Case

The plaintiff filed this action in the Circuit Court of Posey County, Indiana, on September 11, 1989. General Electric Company ("GE"), Compuchem Corporation ("Compuchem") and Dr. Herman L. Hirsch ("Hirsch"), individually and in his capacity as an employee or agent of GE, were named as defendants. On October 13, 1989, plaintiff filed a Motion to Stay Proceedings against defendant Hirsch until other required remedies are exhausted.

Plaintiff is a resident and domiciliary of the State of Indiana. Defendant GE is a New York Corporation which conducts business in Indiana. Defendant Compuchem is a North Carolina corporation which also does business in Indiana. Defendant Hirsch maintains his residence in Indiana and conducts his medical practice from an office located at GE's operation in Mount Vernon, Indiana.

In the Complaint the plaintiff alleges the following: that he was terminated from the employ of GE due to the negligent and intentional acts of the defendants associated with the design and administration of GE's drug testing program.

Subsequent to the filing of plaintiff's Complaint, defendants GE and Compuchem filed a Notice of Removal on October 13, 1989. The defendants brought the Notice under 28 U.S.C. §§ 1332, 1441. In that Notice the defendants allege that defendant Hirsch was fraudulently joined for the sole purpose of avoiding federal diversity jurisdiction. On January 10, 1990, the plaintiff filed his reply to the Notice of Removal and also filed a Motion to Remand. Thereafter, on March 9, 1990, the defendants replied to plaintiff's Motion to Remand. Defendants claim that Hirsch is not a proper defendant because:

1. He can't be a party until a complaint has been filed with, and a decision rendered by, a medical review panel and that such has not occurred.

2. That if Hirsch is sued as a co-employee of the plaintiff, that the action is one which should be brought under the Indiana Workers Compensation Act, over which this court has no subject matter jurisdiction.

### II. Facts of the case from plaintiff's Complaint

In the plaintiff's Complaint he alleges the following facts. The defendants dispute some of the plaintiff's factual statements.

Plaintiff began working for GE on July 5, 1978, as a recycle technician. Subsequently, in 1987, GE implemented a drug testing and treatment program, as well as an "interlocking employment and termination policy."

In plaintiff's first count he alleges that GE, Hirsch and Compuchem were negligent in the design, implementation and administration of the company's drug testing program and negligent in the handling, labeling, and processing of plaintiff's urine sample and/or in performing, confirming and reporting the results from plaintiff's urine test.

In the plaintiff's second count, he alleges that GE was negligent in the design of the interlocking employment and termination policy, as well as negligent in the administration of that policy. Plaintiff claims that he was terminated from GE's employ because of those negligent acts.

In his third count plaintiff alleges that plaintiff's participation in the program was obtained through the coercion of the defendants. That the test was an unreasonable intrusion into plaintiff's common law and constitutionally protected right of privacy. That plaintiff's employment record with GE now casts him in a false and unfavorable light to the public and other potential employers. Fourth count—GE violated state constitutional, statutory and common law rights of privacy and as such he was unjustly dismissed. Fifth count—plaintiff's discharge was intentional, malicious and oppressive. Plaintiff has suffered emotional distress and pain and suffering. Defendants committed a tort of outrage. Plaintiff is seeking both actual and punitive damages.

In February, 1987, plaintiff was ordered to submit to urinalysis. The plaintiff provided a sample to Dr. Hirsch, who forwarded it to Compuchem. In March of 1987 Dr. Hirsch notified plaintiff that his sample tested positive. Plaintiff was required to complete a drug program and he was suspended from employment until he completed the program. In April, 1987, plaintiff passed a drug screening test and completed the program. He returned to work on April 13, 1987, and on August 26, 1987, plaintiff was again ordered to submit to an urinalysis test. On August 31, 1987, Hirsch notified plaintiff that his urine tested positive. Plaintiff was immediately suspended and eventually terminated on September 8, 1987.

There are two issues which must be addressed *sub judice*. First, was Dr. Hirsch fraudulently joined? If so, then this court may hear the case. If not, then the second question must be examined, to wit: Is Dr. Hirsch an indispensable party? If he is indispensable the case must be remanded. If not, this court retains jurisdiction. For the reasons set out below, this court answers the former question in the negative and the latter in the positive, and remands this case to the Circuit Court of Posey County, Indiana.

### III. *Fraudulent joinder*

The 5th Circuit has said fraudulent joinder occurs when either, "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in the state court or there has been outright fraud in the plaintiff's pleadings or jurisdictional facts." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983), *cert. den.* 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984).

The 7th Circuit has adopted this standard, "The burden of proving fraudulent joinder is a heavy one: the movant must show that there is no possibility that plaintiff could establish a cause of action against a resident defendant in state court ..." *S.A. Auto Lube, Inc. v. Jiffy Lube International, Inc.*, 842 F.2d 946, 950 (7th Cir.1988) (citing *Green*).

All factual issues and questions of controlling law must be evaluated in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983). Parties fraudulently joined should not be considered when determining if this court possesses jurisdiction. *Coker*, 709 F.2d at 1440; 1A MOORE'S FEDERAL PRACTICE, ¶ 0.161[2] (1983). The burden of showing fraudulent joinder is on the defendants herein. "If there is even a possibility that a state court would find that the complaint states a cause of action ... the district court must find that joinder was proper and remand the case to state court." *Ontiveros v. Anderson*, 635 F.Supp. 216, 218–219 (N.D.Ill.1986).

First, there is absolutely no evidence which would support a finding of outright fraud by the plaintiff. Therefore, the issue is whether there is "even a possibility" that the state court will find a cause of action against Dr. Hirsch. Problematic to this inquiry is the lack of specificity of the plaintiff's Complaint. Nowhere does

the plaintiff set out the alleged negligent acts of Dr. Hirsch separate from those of the other defendants. However, the plaintiff does mention Hirsch in at least eight separate allegations, albeit the allegations are general and broad. It is unclear, but the plaintiff may be alleging that Dr. Hirsch was negligent in helping to design the drug testing program, or that Dr. Hirsch mislabeled the plaintiff's urine sample, or that he failed to confirm the lab results, or any number of other acts. The Complaint, although not specific, contains sufficient factual allegations against Dr. Hirsch to conclude that the state court may find a cause of action.

Defendants also contend that no cause of action exists against Dr. Hirsch as a matter of law. These legal claims all revolve around the determination of what legal theory or theories support plaintiff's claim. If the plaintiff's allegations can be couched as a medical malpractice claim then the statute of limitations under I.C. § 16–9.5–3–1 comes into play. If his claim can be characterized as a workers compensation claim, as the defendants contend, then this court is likely to lack jurisdiction over this action. However, the plaintiff appears to be asserting tort claims in his Complaint. Even if this is a medical malpractice action, plaintiff raises questions of tolling and estoppel. It appears that there are genuine issues raised by all the claims and defenses and that the state court is the better forum for resolving such state law questions. "Principles of comity and federalism make a state forum preferable for the prompt and authoritative resolution of such state law questions." *Trombino v. Transit Cas. Co.*, 110 F.R.D. 139, 146 (D.R.I.1986). Accordingly, this court finds that Dr. Hirsch was not fraudulently joined.

## IV. *The indispensability issue*

■ Plaintiff asserts that Dr. Hirsch is an indispensable party under Fed.R.Civ. Pro. 19, and as such, his citizenship must be considered when determining if diversity jurisdiction exists. The defendants contend that Dr. Hirsch is a dispensable party because complete relief can be rendered in his absence.

In his brief the plaintiff's counsel stated that, "In determining jurisdiction of the federal District Court [sic] only indispensable parties may be considered." Counsel then supports this contention with two citations; one is a 1926 district court case and the other is a 1925 circuit case. Later plaintiff also cites a 1955 opinion from the Western District of Oklahoma. While the defendants question the applicability of Rule 19 *sub judice,* the defendants have not provided any law contrary to the plaintiff's proposition that "only indispensable parties may be considered" by this court when determining whether the removal was proper.

The court conducted its own research and found many recent cases which discuss this issue. The law is best summarized by Wright and Miller, "It is sometimes said too loosely that only the citizenship of indispensable parties will be considered in determining whether diversity jurisdiction exists. This is not the rule. Even though a party is merely proper, as, for example, a joint tortfeasor, if in fact he has been joined, that party's citizenship must be considered." 13 B. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 3606 (1984).

Dr. Hirsch is an alleged joint tortfeasor on the face of the Complaint, and as such, an examination into the question of whether Dr. Hirsch is an indispensable party need not be conducted. The fact is that Dr. Hirsch is more than a formal party, he is a real party with an interest in this suit. As such, his citizenship must be considered.

Since both Dr. Hirsch and the plaintiff are citizens of Indiana, complete diversity, as required by the rule of *Strawbridge v. Curtiss,* 3 Cranch (17 U.S. 267), 2 L.Ed. 435 (1806), does not exist and the removal of this action was improper. Accordingly, the plaintiff's Motion to Remand is granted.

IT IS SO ORDERED.