Mary E. MacLAUCHLAN,
Plaintiff–Appellant,

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant–Appellee.

No. 91–3365.

United States Court of Appeals,
Seventh Circuit.

Argued June 16, 1992.

Decided Aug. 6, 1992.

James A. Gothard (argued), Gothard & O'Connell, Lafayette, Ind., for plaintiff-appellant.

Gary J. Dankert, Marc W. Sciscoe (argued), Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendant-appellee.

Before BAUER, Chief Judge, CUDAHY and COFFEY, Circuit Judges.

CUDAHY, Circuit Judge.

Plaintiff Mary E. MacLauchlan appeals from an order of the district court granting summary judgment in favor of defendant Prudential Insurance Company of America ("Prudential"). We affirm.

### Background

The subject of this dispute is an application for a life insurance policy made by Mrs. MacLauchlan's deceased husband, Donald J. MacLauchlan. On May 4, 1989, Mr. MacLauchlan applied for a five-million dollar life insurance policy with Prudential. The second page of the application states as follows

When the company gives a Limited Insurance Agreement form, ORD 84376A–86, of the same date as this Part 1, coverage will start as shown in that form. Otherwise, no coverage will start unless (1) a contract is issued; (2) it is accepted and (3) the full first premium is paid while all persons to be covered are living and their health remains as stated in Parts 1 and 2.

Prudential did not issue a Limited Insurance Agreement form to Mr. MacLauchlan, nor did it approve his application or issue an insurance contract on his life. Mr. MacLauchlan never made any premium payments to Prudential.

At the time of his application, Mr. MacLauchlan's life was insured by a five-million dollar policy issued by Manufacturer's Life Insurance Company ("Manufacturer's"). Because of an irregular EKG in 1987, Mr. MacLauchlan's Manufacturer's policy was "rated," meaning that he paid an above average premium. He answered "yes" to question 11 of the application which asked whether the insurance applied for would replace or change any existing policy. At the time of his application, Mr. MacLauchlan was given and signed an "Important Notice Regarding Replacement of Life Insurance" ("Replacement Notice"), on which he listed the Manufacturer's policy as an existing policy. The Manufacturer's policy remained in effect at the time of his death.

Following the receipt of Mr. MacLauchlan's application, Prudential requested financial and medical information—including a chest X-ray, complete tracings of his 1987 and 1988 EKGs, a current EKG and a complete medical report from his personal physician—in order to evaluate the risks of insuring him. His file was temporarily closed in August 1989 because he had failed to provide any of this information. It is unclear whether Mr. MacLauchlan ever received notice of this action. However, the file was reopened on September 20, 1991, upon receipt of a supplemental application which included a medical examination.

Prudential determined that the medical examination was unacceptable, but there is no indication that Mr. MacLauchlan was so

informed. On December 4, 1989, Mr. MacLauchlan died of an accidental gunshot wound. As of the date of his death, Mr. MacLauchlan's application was still pending, and Prudential had not issued a policy.

## ANALYSIS

■ A district court's grant of summary judgment is reviewed *de novo* viewing the record in the light most favorable to the non-moving party. *Matusak v. Torrington Co.*, 927 F.2d 320, 322 (7th Cir.1991). The parties agree that this case is governed by Indiana law.[1]

### I. *Estoppel*

■ Mrs. MacLauchlan concedes that under Indiana law, mere delay cannot be construed as acceptance of an offer to form a contract. *See Metropolitan Life Ins. Co. v. Brady*, 95 Ind.App. 564, 174 N.E. 99 (1930). The thrust of her contract argument is that Prudential should be promissorily estopped from asserting lack of consideration. She argues that her husband, by failing to secure another policy, relied to his detriment on Prudential's representation that it would handle his application promptly and keep him informed of its status.

This claim can be disposed of promptly. In order to state a claim for promissory estoppel, a litigant must show 1) a promise by the promisor, 2) made with the expectation that the promisee will rely on the promise, which 3) induces reasonable reliance, 4) of a definite and substantial nature, and 5) injustice can be avoided by enforcement. *First Nat'l. Bank of Logansport v. Logan Mfg. Co.*, 577 N.E.2d 949 (Ind.Sup.Ct.1991). The record does not support Mrs. MacLauchlan's claim.

Mrs. MacLauchlan does not allege that Prudential made any affirmative promises as to future action, nor is there anything in the record.to support an allegation that Mr. MacLauchlan was misled with respect to the status of his pending policy. His policy was, in fact, still under consideration at the time of his death.

Any representation by Prudential that it would handle an application in an expeditious manner cannot be reasonably characterized as intended to induce action on the part of Mr. MacLauchlan. Prudential's Replacement Notice provides ample evidence that Prudential made no promises intended to induce Mr. MacLauchlan not to seek other insurance. To the contrary, the Notice informs an applicant of the risks involved in changing policies and cautions accordingly.

A further flaw in Mrs. MacLauchlan's argument is that there is no evidence that Mr. MacLauchlan took any action—or inaction—to his detriment. His application indicated that the policy applied for would replace a current policy, namely the Metropolitan policy. Mr. MacLauchlan kept the Metropolitan policy current up through his death, and his estate collected in full on that policy. There is every indication that Mr. MacLauchlan did what any prudent person with established medical risks would under the circumstances—he maintained his current policy during the application period.

Because Mrs. MacLauchlan cannot show that relevant representations were made by Prudential or that there was reliance by Mr. MacLauchlan, Prudential was entitled to summary judgment on the estoppel claim.

### II. *Negligence*

■ Mrs. MacLauchlan contends that Prudential's delay in processing her husband's application was unreasonable and thereby forms the basis of a negligence

---

1. In the district court, Prudential argued that Mrs. MacLauchlan lacked standing because she was not named as a beneficiary. The district court did not address the merits of this argument because it determined that Mrs. MacLauchlan's claims were meritless. Because Mrs. MacLauchlan is asserting her husband's rights and not her own, and because Indiana law provides a mechanism to assert the rights of deceased persons, prudential considerations would appear to argue against Mrs. MacLauchlan's standing. However, Prudential did not challenge her standing on appeal and we may not raise prudential standing issues *sua sponte. Lindley for Lindley v. Sullivan*, 889 F.2d 124 (7th Cir.1989).

claim. Although the issue of unreasonableness is a question of fact, we believe that, even if Prudential's delay was unreasonable, Indiana law does not recognize a cause of action under the facts of this case.

In *Metropolitan Life Ins. Co. v. Brady,* 95 Ind.App. 564, 174 N.E. 99 (1930), the court held that unreasonable delay in accepting an insurance application could not provide a basis for tort liability in the absence of a legal duty to act upon the application. To determine whether a legal duty existed, the court looked to the language of the application. Because the application in *Brady* stated that no liability attached until the policy was approved and issued and the first premium received, and none of these events had occurred, the defendant was under no legal duty to act. In dismissing plaintiff's case, the court noted that in every jurisdiction that recognized a tort claim for unreasonable delay in accepting an insurance application, liability for delay was predicated on the payment of a premium.[2]

As in *Brady,* none of the preconditions that would put Prudential here under a legal duty to act was fulfilled. A contract had not been issued or accepted and a premium had never been paid. All of these events were preconditions to coverage. Mrs. MacLauchlan argues that her husband's failure to pay a premium was caused by Prudential and is therefore not determinative. This argument misses the point. The fact that Prudential would not accept a premium on such a large policy is further evidence that it was undertaking no legal duty to act. A large policy necessarily entails a particularly painstaking and cautious review of the applicant's history.

Because Prudential was under no legal duty to act, Mrs. MacLauchlan cannot state a claim for unreasonable delay in processing her husband's application.

## CONCLUSION

For the foregoing reasons, the decision of the district court granting summary

judgment in favor of the defendant Prudential is

AFFIRMED.

---

2. Although Mrs. MacLauchlan cites cases from other jurisdictions subsequent to *Brady* to support her contention that unreasonable delay even without receipt of a premium could constitute negligence, *see Talbot v. Country Life Ins.* *Co.,* 8 Ill.App.3d 1062, 291 N.E.2d 830 (1973); *Bekken v. Equitable Life Assurance Society,* 70 N.D. 122, 293 N.W. 200 (1941), in each of these cases, the applicant in fact paid a premium.