SKYVIEW FILM & VIDEO, INC., Plaintiff,

v.

SAFECO LIFE INSURANCE COMPANY, Defendant.

No. 94 C 2133.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 4, 1994.

---

Richard R. Winter, Larry M. Zanger, McBride, Baker & Coles, Northwestern Atrium Center, Chicago, IL, for plaintiff.

Randall L. Mitchell, Marshall Lee Blankenship, Schuyler, Roche & Zwirner, Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of defendant Safeco Life Insurance Company ("Safeco") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted with prejudice.

### FACTS [1]

Plaintiff Skyview Film & Video, Inc. ("Skyview") is an Illinois corporation with its principal place of business in Illinois. Jerome Hummel ("Hummel") was an employee and an officer of Skyview. Safeco is a Washington corporation engaged in the insurance business with its principal place of business in Washington.

In September 1991, Skyview sought to procure from Safeco a life insurance policy on the life of Hummel. In response, Safeco required Hummel to complete an application. On September 9, 1991, Hummel completed the application and tendered it to Safeco. Upon processing the application, Safeco issued a life insurance policy with a coverage amount of $500,000 on October 22, 1991 ("Policy"). The Policy named Skyview as the owner and Hummel as the primary insured. The suicide exclusion provision of the Policy provided that "[i]f [Hummel] commits suicide, while sane or insane, within two years of the Issue Date, the proceeds payable will be limited to the premiums paid...." (Compl. ¶ 9.)

On October 9, 1993, within the two years of the issue date of the Policy, Hummel commit-

---

1. The following facts are drawn from the complaint filed on April 6, 1994.

ted suicide.[2] Despite the suicide exclusion clause, Skyview submitted a claim to Safeco seeking the policy benefit of $500,000. Asserting the suicide exclusion, Safeco denied the claim. Subsequently, Skyview initiated the instant action against Safeco, invoking the court's diversity jurisdiction.

Under Count I, Skyview complains that Safeco was negligent in processing the application in 1991, thereby depriving Skyview of the full benefit of the Policy. According to Skyview's allegations, if Safeco processed the application in a timely manner and issued the Policy on or before October 7, 1991, Hummel's death on October 9, 1993, would not be subject to the suicide exclusion. Under count II, Skyview alleges that Safeco's denial of Skyview's claim for $500,000 constituted a breach of the contract because Hummel's suicide occurred two years after Safeco approved and agreed to issue the Policy, which was on or before October 7, 1991. In response, Safeco moves to dismiss both counts for failing to state a cause of action.

## DISCUSSION

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all well-pleaded factual allegations are presumed to be true. *Land v. Chicago Truck Drivers*, 25 F.3d 509, 511 (7th Cir.1994). The court must view those allegations in the light most favorable to the plaintiff, *Gould v. Artisoft, Inc.*, 1 F.3d 544, 546 (7th Cir.1993), and accept all reasonable inferences to be drawn from those allegations as true. *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir.), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). The court is not, however, constrained by the plaintiff's legal conclusions. *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 183 (7th Cir.1986).

▮▮▮ To resolve the issues Safeco raises in its motion to dismiss, the court will look to Illinois law.[3] The court agrees with Safeco

that Skyview fails to state a cause of action for negligence under count I. Under Illinois law, to properly state a cause of action for negligence, the plaintiff must allege sufficient facts to establish a duty, a breach of that duty, and an injury proximately caused by the breach. *Wartenberg v. Dubin, Dubin & Moutoussamy*, 259 Ill.App.3d 89, 197 Ill.Dec. 47, 50, 630 N.E.2d 1171, 1174 (1994). Whether a duty of care existed is a question of law for the court to determine. *Curatola v. Village of Niles*, 154 Ill.2d 201, 181 Ill.Dec. 631, 636, 608 N.E.2d 882, 885 (1993); *Hansen v. Demarakis*, 259 Ill.App.3d 166, 197 Ill.Dec. 78, 82, 630 N.E.2d 1202, 1206 (1994). To determine whether a duty existed, the court must consider whether the defendant should have reasonably foreseen the plaintiff's injury, the likelihood of injury, the burden of preventing the injury, and the consequence of imposing that burden on the defendant. *Kurfess v. Austin Co.*, 840 F.Supp. 535, 537 (N.D.Ill.1993) (applying Illinois law).

▮▮▮ In its motion to dismiss, Safeco argues that count I fails to state a cause of action because it fails to allege a duty and an injury proximately caused by the breach of the duty. Alternatively, Safeco contends that Skyview waived any defects in processing the application when it accepted the Policy and remained silent. The court will first determine whether the required elements to state a cause of action for negligence are met. If necessary, the court will then address the waiver argument.

Skyview relies heavily on *Talbot v. Country Life Ins. Co.*, 8 Ill.App.3d 1062, 291 N.E.2d 830 (1973), to establish the duty element, hence, a brief discussion of that opinion is warranted. In *Talbot*, the plaintiff's husband on September 13, 1969, submitted an application for a life insurance policy for $15,000 on his own life and designated the plaintiff as the beneficiary of the policy. *Talbot*, 291 N.E.2d at 831. With the application,

---

**2.** The parties do not dispute that Hummel committed suicide.

**3.** In diversity cases, absent a challenge by either party as to the choice of law, the law of the forum state will govern the substantive issues raised in the pleadings. *Ness v. Ford Motor Co.*, 835 F.Supp. 453, 456 n. 5 (N.D.Ill.1993). Sky-

view asserts that Illinois law must apply to the case. Safeco does not challenge the application of Illinois law; rather, it relies on Illinois law to advance its arguments in support of its motion to dismiss. Accordingly, the court will apply the law of the forum state.

the husband paid the first premium. Five months after the husband submitted the application, he died on February 19, 1970. *Id.* During his lifetime, however, the defendant insurer never issued a life insurance policy or even processed the application. On February 21, 1970, the agent of the insurer returned the paid premium. *Id.*

The *Talbot* plaintiff filed a lawsuit against the insurer and the agent for negligence to recover damages, $15,000, resulting from the unreasonable delay in processing the application. *Id.* The trial court dismissed the action for failing to state a cause of action. *Id.* 291 N.E.2d at 830. The appellate court, however, disagreed. *Id.* 291 N.E.2d at 833. In reversing the trial court, the *Talbot* court applied the principles associated with a voluntary assumption of a duty and enunciated that an insurer has a legal obligation to an applicant to process insurance applications with reasonable promptness:

> [O]ne who enters upon an affirmative undertaking, to perform a service for another, is required to exercise reasonable care in performing it, to avoid injury to the beneficiary of the undertaking. Insurance agents who take applications, particularly where they receive premiums, may be said to have entered definitely upon a course of affirmative conduct, and be liable for misfeasance if they unreasonably delay.... The thought it stands for is that the agent or company owes an applicant for insurance what amounts to be a legal obligation to act with reasonable promptness on the application, either by providing the desirable coverage or by notifying the applicant of the rejection of the risk so that he may not be lulled into a feeling of security or put to prejudicial delay in seeking protection elsewhere.

*Id.* 291 N.E.2d at 832.

It is clear from the *Talbot* opinion that under Illinois law an insurer has a legal obligation to an applicant to process insurance applications within a reasonable period so that the applicant will either obtain desired coverage or seek coverage from a different vendor in a timely manner. Under

*Talbot,* the legal obligation arises when the insurer receives and accepts the application for insurance. The payment of a premium is not a condition precedent to triggering the duty to promptly process the application. *Id.* The principal reason for imposing the duty on insurers is to ensure that the applicant procures insurance, and not because the applicant paid a premium. Accordingly, Skyview has alleged enough facts to establish the duty element.

■ The court must, nonetheless, dismiss count I for failing to state a cause of action. The examination of the *Talbot* opinion and the allegations under count I establishes that Skyview cannot show the necessary element of injury proximately caused by the unreasonable delay[4] in processing Hummel's application. At the time of Hummel's death, the Policy was in effect for almost two years. In recognizing the duty to promptly process insurance applications, the *Talbot* court sought to prevent the applicant from being unreasonably exposed to the very contingencies from which he or she desired insurance protection. Even if the court were to assume that the forty-three-day delay in processing Hummel's application was unreasonable, an event necessitating insurance coverage never occurred during that forty-three-day period. Simply stated, nothing happened during the processing period. If the husband in *Talbot* died after the insurer issued a life insurance policy, the delay in processing his application would have been immaterial because he would have been insured at the time of his death.

In the case at bar, the forty-three-day delay is of no consequence because nothing happened during that time unreasonably prejudicing Skyview. Skyview argues, in hindsight, that if Safeco timely processed the application, the Policy would have issued on or before October 7, 1991, and when Hummel killed himself two years and two days later, Skyview would have been entitled to $500,-000. Careful reading of the *Talbot* decision, however, demonstrates that the duty to promptly process insurance applications was

---

4. For purposes of resolving the issues raised in Safeco's motion to dismiss, the court deems the

passage of time from September 9, 1991, to October 22, 1991, as unreasonable.

recognized to provide coverage to those applicants who were uninsured due to the unreasonable delay. Safeco's duty to process Hummel's application may have been breached by the forty-three-day delay, but that breach did not cause any injuries during that delay. Therefore, count I is dismissed with prejudice for failing to state a cause of action.

■ Skyview likewise fails to state a cause of action under count II. Pursuant to the terms of the Policy, Safeco is under no contractual obligation to pay Skyview $500,-000. Under Illinois law, the interpretation of insurance policy provisions is a question of law. *Employers Ins. of Wausau v. Bodi–Wachs Aviation Ins. Agency, Inc.*, 846 F.Supp. 677, 684 (N.D.Ill.1994). The court's primary duty in interpreting provisions is to effectuate the intentions of the parties to the contract. *Lomas Mortgage U.S.A., Inc. v. W.E. O'Neil Constr. Co.*, 812 F.Supp. 841, 843 (N.D.Ill.1993). To ascertain the intent of the contracting parties, the court must construe the contract as a whole. *Grevas v. United States Fidelity & Guar. Co.*, 152 Ill.2d 407, 178 Ill.Dec. 419, 421, 604 N.E.2d 942, 944 (1992). Where the relevant terms are unambiguous, the parties' intent must be determined from the language of the contracting instrument itself without resorting to extrinsic evidence. *Board of Trustees of the Univ. of Ill. v. Insurance Corp. of Ireland, Ltd.*, 969 F.2d 329, 332 (7th Cir.1992) ("Normally contracts are to be taken at face value, and the written agreement is presumed to express the parties' intent."); *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill.2d 384, 189 Ill.Dec. 756, 761, 620 N.E.2d 1073, 1078 (1993).

■ According to the aforementioned standard, the court must focus on the relevant provisions of the Policy to determine the intentions of the parties. The unambiguous terms of the Policy demonstrate that Skyview and Safeco entered into a contract where, for a premium, Safeco agreed to insure Skyview from the contingency of Hum-

mel's death. However, the parties also agreed that "[i]f [Hummel] commits suicide, while sane or insane, within two years of the Issue Date, the proceeds payable will be limited to the premiums paid...." (Pl.'s Compl. ¶ 9.)

The complaint reveals that the Issue Date of the Policy is October 22, 1991, and that the date of Hummel's suicide is October 9, 1993. Based on these facts, the court must conclude that Hummel's suicide occurred within two years of the Issue Date. The court must further conclude, applying the plain meaning associated to the language of the suicide exclusion clause, that the suicide exclusion applies and that Safeco is under no obligation to pay $500,000 to Skyview. Having no obligation to pay $500,000, Skyview fails to state a cause of action for a breach of a contract under count II.

### CONCLUSION

For the foregoing reasons, the motion of Safeco to dismiss the complaint is granted with prejudice.[5]

IT IS SO ORDERED.

---

5. In addition to an order dismissing the complaint, Safeco requests an assessment of costs against Skyview. The court will not render a ruling as to this request. The only motion before the court is a motion to dismiss. The court will entertain such request if and when Safeco files a proper motion to recover fees and costs in compliance with Rule 46 of the Rules of the United States District Court for the Northern District of Illinois.