S.A. AUTO LUBE, INC.,
Plaintiff–Appellant,

v.

JIFFY LUBE INTERNATIONAL, INC., and Jiffy Lube of Illinois, Inc., and Butler Walker, Inc., Defendants–Appellees.

No. 87–1605.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1987.

Decided March 18, 1988.

David V. Schultz, Propp & Schultz, Chicago, Ill., for plaintiff-appellant.

John J. Curry, Thomas W. Fawell & Assoc. P.C., Oak Brook, Ill., for defendants-appellees.

Before POSNER and FLAUM,
Circuit Judges, and ESCHBACH,
Senior Circuit Judge.

FLAUM, Circuit Judge.

S.A. Auto Lube, Inc. ("Auto Lube"), an Illinois corporation, filed a six-count complaint against defendants in the Circuit Court of Cook County, Illinois alleging breach of contract and "conspiracy." Defendant Jiffy Lube International, Inc. ("JLI") subsequently filed two petitions to remove the action to the Federal District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1441. In its first removal petition, JLI contended that because defendant Jiffy Lube of Illinois ("JL–Illinois") was an Indiana corporation, the jurisdictional requirement of complete diversity was satisfied. When it became clear that JL–Illinois was in fact an Illinois corporation, JLI filed an amended removal petition. This second petition alleged that complete diversity existed because Auto Lube had fraudulently joined JL–Illinois,

the nondiverse defendant. The district court denied both removal petitions, and also denied Auto Lube's motions for sanctions against JLI under Federal Rule of Civil Procedure 11.[1] Auto Lube appeals the denial of sanctions. We affirm in part and reverse in part.

### I.

On September 8, 1986, Auto Lube filed a complaint against JLI, JL–Illinois, and Butler–Walker ("Butler") seeking damages and injunctive relief from the alleged breach of a June 13, 1983 franchise agreement between Auto Lube and JLI. Auto Lube had been operating an automobile services facility under a previous franchise agreement with Butler. JLI acquired Butler and executed the new franchise agreement with Auto Lube. This June 13, 1983 agreement granted Auto Lube, among other things, certain rights of first refusal on new franchise sites within a specified territory. Auto Lube claims that JLI violated this agreement by subsequently awarding to JL–Illinois, JLI's subsidiary, a franchise at Rand Road and Route 83 in Mount Prospect, Illinois. Auto Lube alleges that JLI breached its contract and that all three defendants committed a civil conspiracy to "misrepresent to, defraud and deceive" Auto Lube as to the effect of the franchise agreement.

On October 14, 1986, JLI's attorney filed a verified petition for removal (the "first removal petition") in the district court under 28 U.S.C. § 1441. The first petition alleged diversity jurisdiction in the federal district court under 28 U.S.C. § 1332(a)(1). JLI's counsel averred that Auto Lube was an Illinois corporation with its principal place of business in Illinois; that JLI was a Nevada corporation with its principal place of business in Maryland; that Butler was a Delaware corporation; and that JL–Illinois was an Indiana corporation.[2]

---

**1.** Auto Lube seeks review of the district court's Rule 11 denials; it does not contest the court's refusal to award costs of removal under 28 U.S.C. § 1447(c).

**2.** JLI did not allege in its first removal petition the principal places of business of Butler and

JL–Illinois. A corporation is a citizen, for diversity purposes, of both its state of incorporation and its principal place of business. The party seeking removal has the burden of showing jurisdiction, 28 U.S.C. §§ 1441(a) & 1446(a), and the principal places of business of both Butler and JL–Illinois were facts necessary to estab-

In asserting that JL–Illinois was an Indiana corporation, counsel essentially relied on the representations of two other attorneys: Anthony Nasharr and Robert Vegter. Nasharr, an associate in counsel's firm who regularly dealt with JL–Illinois, identified it as an Indiana corporation. Nasharr relied on a corporate document he had seen which identified JL–Illinois as an Indiana corporation, and on the representation of Robert Vegter, corporate counsel for JL–Illinois. Vegter, whose offices are in Merrillville, Indiana, relied on the representation of Betty Sue Haddon, the controller of JL–Illinois, that to the best of her knowledge JL–Illinois was an Indiana corporation. JLI's counsel never sought to verify this information. Auto Lube filed an objection to the first removal petition on October 31, 1986, attaching a certificate from the Illinois Secretary of State certifying that JL–Illinois was in fact an Illinois corporation. Auto Lube also asked for the fees and costs incurred in contesting removal.

On November 21, 1986, JLI's lawyer filed, with the permission of the district court, an "Amended Verified Petition for Removal" (the "second removal petition"). This second petition asserted that, although JL–Illinois was an Illinois corporation, "none of the allegations described [in the complaint] state a claim upon which relief can be granted under any theory of law cognizable in this court or in Illinois. Therefore [JL–Illinois and Butler] are nominal parties and are inappropriately joined in this action. [JLI] is the only true defendant in this action."

The district court properly interpreted the second removal petition as an allegation of fraudulent joinder of the non-diverse party. The court ruled that the complaint did state a claim of civil conspiracy against JL–Illinois and the other defendants, and that therefore JL–Illinois was not fraudulently joined. Because JL–Illinois appeared to be a properly joined Illinois corporation, the district court held that diversity jurisdiction was lacking and re-

manded the case to the state court. Retaining jurisdiction over Auto Lube's request for fees and costs, the district court declined to impose sanctions on JLI's counsel for filing the petitions. The court ruled that the first removal petition was "not filed without a reasonable inquiry into the facts," and the second removal petition was "'warranted by existing law or a good faith argument for the extension ... of existing law'" under Federal Rule of Civil Procedure 11.

We hold that counsel's inquiry prior to filing the first removal petition was not reasonable under Rule 11, and therefore reverse the district court's denial of sanctions for that petition. We affirm the district court's denial of sanctions for the second removal petition.

## II.

We note initially that we review *de novo* the district court's legal conclusion that counsel's conduct in this case did not constitute a violation of Rule 11. *Brown v. Federation of State Medical Boards*, 830 F.2d 1429, 1434 (7th Cir.1987).

## A.

Rule 11 imposes an affirmative duty of reasonable investigation on an attorney signing a court paper such as a removal petition. Whether the pre-filing investigation was reasonable depends on the circumstances of each case. *In re Yagman*, 796 F.2d 1165, 1182 (9th Cir.1986). The signer's investigation need not be carried to the point of certainty. *Nemmers v. United States*, 795 F.2d 628, 632 (7th Cir.1986). "The amount of investigation required by Rule 11 depends on both the time available to investigate and on the probability that more investigation will turn up important evidence; the Rule does not require steps that are not cost-justified." *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1083 (7th Cir.1987). In *Brown*, we

lishing diversity. The district court, however, ruled that jurisdiction was lacking on other grounds.

noted factors bearing on whether a signer's inquiry into the facts was reasonable:

> whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts.

830 F.2d at 1435.

■ Applying these factors to counsel's inquiry before filing the first removal petition, we find his investigation deficient under Rule 11. Courts may grant more leeway where the attorney is severely pressed for time. *In re TCI Ltd.*, 769 F.2d 441, 446 (7th Cir.1985). Counsel for JLI was in no way pressed for time; he took advantage of the full period authorized by statute.[3] He had almost five weeks to determine, in the face of Auto Lube's allegation in its complaint that JL–Illinois was an Illinois corporation, the actual corporate citizenship.

Further, counsel did not need to rely on either his associate or JL–Illinois' general counsel for the required information. The information was readily available. A corporation's state of incorporation is a matter of public record, and is available either through the Secretary of State or from the corporation's own books. Counsel could have pursued at least one of these simple, readily available and authoritative avenues of inquiry. *See Nassau–Suffolk Ice Cream v. Integrated Resources, Inc.*, 114 F.R.D. 684, 689 (S.D.N.Y.1987) ("When the attorney can get the information necessary to certify the validity of the claim in public fashion and need not rely on the client, he must do so."). *See also Calloway v. Marvel Entertainment Group*, 111 F.R.D. 637, 646–47 (S.D.N.Y.1986) (failure to consult

document expert when alleging forgery was unreasonable).

So far as the record indicates, JLI's attorney handled this case from its inception. The fact of JL–Illinois' corporate citizenship was far from complex, and there appears to be no reason why counsel could not have checked this element of jurisdiction before filing the first removal petition. Finally, JLI's counsel did not require discovery to determine his client's subsidiary's corporate citizenship.

All of the factors we enunciated in *Brown* thus indicate that counsel's inquiry prior to filing the first petition was unreasonable. Counsel's lack of investigation was particularly inexcusable here where both the state court complaint and the corporation's very name put counsel on notice that JL–Illinois was an Illinois corporation. In so holding, we do not prescribe one means of verification for every Rule 11 inquiry into the existence of diversity jurisdiction. We hold only that under *Brown* and on the facts of this case, more was required of counsel.

### B.

■ As to the second removal petition, we affirm the district court's finding that JLI's lawyer made a reasonable inquiry into the law, and that the petition was not filed for an improper purpose. Counsel's inquiry is deficient if the court paper is "frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in bad faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986). *See Federal Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir.1986) ("the taking of an objectively unsupported position" is sanctionable). We stated in *Brown* that the district court, in determining whether counsel has made a reasonable inquiry into the law, should consider:

> the amount of time the attorney had to prepare the document and research the relevant law; whether the document contained a plausible view of the law; the

---

3. JLI had 30 days under 28 U.S.C. § 1446(b), as computed under Federal Rule of Civil Procedure 6(a), from the time it received a copy of the state court complaint on September 11, 1986 until it filed the first removal petition.

complexity of the legal questions involved; and whether the document was a good faith effort to extend or modify the law.

830 F.2d at 1435. We must determine only whether the arguments actually advanced by counsel were reasonable, and not whether reasonable arguments could have been advanced in support of counsel's position. *In re Ronco, Inc.*, 838 F.2d 212, 218 (7th Cir.1988).

Three weeks after the failure of its first removal argument, JLI raised the new contention that JL–Illinois was fraudulently joined and that diversity jurisdiction therefore existed regardless of JL–Illinois' state of incorporation. The burden of proving fraudulent joinder is a heavy one: the movant must show that there is "no possibility that plaintiff could establish a cause of action against the resident defendant in state court...." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983), *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984). *Cf. Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983); *Ontiveros v. Anderson*, 635 F.Supp. 216, 218 (N.D.Ill.1986) (no fraudulent joinder if any possibility exists that a state court would find that *the complaint* states a cause of action). All factual and legal issues must be resolved in favor of the plaintiff. *Coker*, 709 F.2d at 1440. Precisely because the movant's burden of establishing fraudulent joinder is already so heavy, we must not be quick to sanction efforts to meet this burden. The district court remanded this case because it found the complaint did state a claim of "civil conspiracy" against JL–Illinois, and therefore joinder was not fraudulent. JLI's counsel may not be sanctioned, however, simply because he may have been wrong on the law. *See Zaldivar*, 780 F.2d at 830–31.

JLI alleged that the joinder was fraudulent because there was no possibility that the complaint established a cause of action against JL–Illinois in state court. We hold that this was not an objectively unreasonable argument. The complaint asked for specific performance and injunctive relief against JL–Illinois, but its only substantive claim against that defendant was for conspiracy to defraud. JLI contended that the complaint as drafted did not allege specific acts, dates, places or participants as required by Illinois rules for pleading fraud, *Trautman v. Knights of Columbus*, 121 Ill.App.3d 911, 460 N.E.2d 350, 77 Ill.Dec. 294 (1984), which apply to claims for misrepresentation and conspiracy to defraud, *see Daley v. G'sell*, 102 Ill.App.3d 548, 430 N.E.2d 556, 560, 58 Ill.Dec. 524 (1981). Auto Lube argues that the content of the complaint is irrelevant—that joinder is fraudulent only if there is no possibility of establishing a cause of action against the nondiverse defendant in state court. *See Green*, 707 F.2d at 205. The standards for fraudulent joinder are sufficiently unclear on this point, however, as to render JLI's argument objectively reasonable. *Compare Coker*, 709 F.2d at 1440 ("removing party must show ... that there is no possibility that the plaintiff *would be able to establish* a cause of action") (emphasis added) *with Coker*, 709 F.2d at 1440–41 (if the state court could find that "the *complaint* states a cause of action," joinder is proper) (emphasis added). JLI has cited sufficient authority for its view of fraudulent joinder. *Ontiveros*, 635 F.Supp. at 218–19 (Joinder is not fraudulent "[i]f there is even a possibility that a state court would find that the *complaint* states a cause of action....") (emphasis added); *Chappell v. SCA Services, Inc.*, 540 F.Supp. 1087, 1091–92 (C.D.Ill. 1982) (Plaintiff must have stated a cause of action). In three weeks JLI's counsel thus produced a plausible argument on a relatively complex and unsettled issue of law. Further, the district court found no evidence of bad faith or an improper purpose in filing the second removal petition, and we cannot say that refiling on the basis of an objectively reasonable argument constituted bad faith as a matter of law.

### III.

We therefore reverse the district court's denial of sanctions for the first removal petition and affirm the denial of sanctions for the second removal petition. Auto Lube shall submit a petition for fees and costs incurred in opposing the first removal

petition and appealing the denial of sanctions for that petition only.