**S.A. AUTO LUBE, INC., Plaintiff,**

**v.**

**JIFFY LUBE INTERNATIONAL, INC., and Jiffy Lube of Illinois, Inc., and Butler Walker, Inc., Defendants.**

**No. 86 C 7770.**

United States District Court, N.D. Illinois, E.D.

July 5, 1990.

---

David V. Schultz, Propp & Schultz, Chicago, Ill., for plaintiff.

John J. Curry, Jr., Morris, Rathnau & De La Rosa, Paul C. Miltonberger, Katten Muchin & Zavis, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

In *S.A. Auto Lube, Inc. v. Jiffy Lube Int'l, Inc.*, 842 F.2d 946, 949 (7th Cir.1988), the Seventh Circuit held that counsel for defendants had violated Fed.R.Civ.P. 11. The Seventh Circuit then remanded the case to this court for a determination of the amount of sanctions to be imposed. Subsequently, this court referred plaintiff's petition for fees and costs to Magistrate Joan B. Gottschall for a report and recommendation. In a report and recommendation dated May 11, 1990, Magistrate Gottschall recommended a fee award of $7,314.56. For the reasons stated herein, the court partially adopts the magistrate's report and recommendation. The court awards plaintiff fees and costs in the amount of $6,750.19.

## I. FACTS

In 1986, plaintiff S.A. Auto Lube, Inc. ("Auto Lube") filed suit against Jiffy Lube International, Inc. ("JLI"), Jiffy Lube of Illinois, Inc., and Butler Walker, Inc., in the Circuit Court of Cook County. *Id.* at 947. Shortly thereafter, JLI filed a petition for removal, asserting diversity jurisdiction. JLI claimed that none of the defendants were citizens of Illinois, the state in which Auto Lube is a citizen. *Id.* In response, Auto Lube submitted a certificate from the Illinois Secretary of State which demonstrated that Jiffy Lube of Illinois was actually an Illinois corporation, not an Indiana corporation as alleged by JLI. JLI then filed an amended removal petition, claiming that diversity jurisdiction was not defeated because Auto Lube had fraudulently joined the non-diverse defendant. *Id.* The district court (Leighton, J.) rejected JLI's arguments and denied both petitions for removal. *Id.*

Based on JLI's failed attempts to remove the case, Auto Lube filed a motion for sanctions pursuant to Fed.R.Civ.P. 11. That motion was also denied by Judge Leighton, and Auto Lube appealed. On appeal, the Seventh Circuit affirmed the denial of sanctions with respect to JLI's second removal petition. *Id.* at 950. But the court reversed the district court's denial of sanctions with respect to JLI's first removal petition. *Id.* In reversing the district court, the court of appeals emphasized that counsel for JLI should have verified the corporate citizenship of Jiffy Lube of Illinois by checking either the records of the Illinois Secretary of State or the corporation's own books. *Id.* at 949. Since counsel for JLI merely relied on the representations of two attorneys, rather than checking public records, the court concluded that counsel had failed to make a reasonable inquiry into the facts of the case. *Id.*

After deciding that counsel for JLI had violated Rule 11, the court of appeals directed Auto Lube to submit a petition for fees and costs incurred in opposing the first removal petition and in appealing the denial of sanctions with respect to that petition. *Id.* at 950–51.

## II. DISCUSSION

■ John J. Curry, the attorney who represented JLI, has filed written objections to the magistrate's recommended fee award. In his objections, Curry vigorously contests the Seventh Circuit's decision to impose sanctions. Curry points out that the Seventh Circuit reviewed Judge Leighton's decision to deny sanctions under a *de novo* standard. *Id.* at 948. In a subsequent case, however, the Seventh Circuit held that Rule 11 cases should not be reviewed *de novo* but, rather, with deference toward the district court's decision. *See Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 933 (7th Cir.1989). According to Curry, the Seventh Circuit would have affirmed Judge Leighton's decision if it had applied the deferential standard of review. On the basis of that pure speculation, Curry urges this court to deny Auto Lube's petition for fees and costs. Curry is essentially seeking reconsideration of the Sev-

enth Circuit's ruling. But this court may not substitute its judgment for that of the Seventh Circuit. In the absence of any evidence to the contrary, this court must adhere to the directive of the court of appeals as set forth in *S.A. Auto Lube, Inc.*, *supra*. Having determined that sanctions are warranted, the Seventh Circuit only remanded this case for the limited purpose of determining the amount of sanctions. Accordingly, the court will now fashion an appropriate award.

### A. Calculation of Fees and Costs

 To calculate Auto Lube's fees and costs, the court must determine the number of hours *reasonably* expended by Auto Lube in opposing the first removal petition, and multiply that figure by a reasonable hourly attorney's fee. *See Eastway Constr. Corp. v. City of New York*, 637 F.Supp. 558, 571 (E.D.N.Y.1986) ("The logical starting point for a determination of attorney's fees is a calculation of the number of hours reasonably expended in responding to the frivolous paper, multiplied by a reasonable hourly attorney's fee based on the prevailing market rate."), *modified*, 821 F.2d 121 (2d Cir.), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). In support of its fee request, Auto Lube submitted the time records and hourly rates of the following individuals who worked on the case: David Schultz, a partner with the firm representing Auto Lube; Vera Kaye, an associate; and Margaret Frossard, a law clerk.[1] Based on its own calculations, Auto Lube petitions the court for fees and costs in the amount of $9,277.06. Finding Auto Lube's time charges to be excessive, Magistrate Gottschall recommended that the court make several adjustments to the requested fee award. The court will briefly address the fee adjustments recommended by the magistrate:

1. Several of Auto Lube's fee requests are not supported by time records. These unsubstantiated fee requests in-

clude 4.85 hours of work attributed to Schultz, .75 of an hour attributed to Kaye, and 1.25 hours attributed to Frossard. Due to the inadequate documentation supporting these time requests, the magistrate's recommended disallowance of the requests is entirely appropriate.

2. The magistrate also recommends reducing the fees associated with preparing the objection to JLI's first removal petition. The magistrate noted that the objection did not require extensive research or argument. It merely set forth the public record which established that complete diversity was lacking in this case. The straightforward two-page objection filed by Auto Lube should have taken a relatively short time to prepare. For this reason, the court adopts the magistrate's recommendation to reduce Auto Lube's time request by one hour.

3. Based on a "lack of specificity," the magistrate disallowed a time charge for a phone call made by Schultz on April 13, 1987. Auto Lube has not presented any evidence to rebut the possibility that the phone call related to a different matter proceeding in state court. In accord with the magistrate's recommendation, the court denies that time request.

4. After JLI filed a motion to dismiss, Schultz spent 1.5 hours reviewing the motion. This time is unrelated to the *first removal petition* and, as such, it will be disallowed.

5. Auto Lube seeks compensation for 3.5 hours of time spent supplementing its fee petition. The magistrate stated in her report that 3.5 hours is an inordinate amount of time for the relatively small, mechanical task of supplementing the fee petition. Consequently, she recommended a one-half reduction in the time allowance. This court agrees that a one-half reduction is appropriate, and reduces Auto Lube's request by 1.75 hours.

6. Since the Seventh Circuit held that sanctions may only be imposed with re-

---

1. According to Auto Lube, Schultz' customary billing rate is $125 per hour; Kaye's time is billed at a rate of $80 per hour; and Frossard's time is billed at $40 per hour. Curry has not objected to these hourly rates. The court finds these rates to be in line with the prevailing market rate.

spect to JLI's first removal petition, Magistrate Gottschall recommended that Auto Lube only recover one-half of the costs incurred on appeal. In regards to the 16.6 hours that Schultz and Kaye spent reviewing Jiffy Lube's appellate brief, preparing Auto Lube's reply brief, and for oral argument, the court finds that a one-half reduction is appropriate. 7. Finally, Magistrate Gottschall recommended adjusting the fee request to reflect the costs incurred by Auto Lube in amending the fee petition. The magistrate credited Auto Lube with two hours for court appearances and five hours for preparing a reply to JLI's two briefs in opposition to the amended petition. This court, however, finds five hours to be an excessive amount of time for preparing the reply brief. Moreover, the court does not agree with the magistrate's recommendation to calculate these fees at a rate of $140 per hour. Amending the fee petition is not an overly complex or lengthy task, and it could have been adequately performed by an associate working at a lower hourly rate. Accordingly, the court credits Auto Lube with two hours for court appearances and three hours for replying to JLI's briefs, multiplied by the hourly rate of an associate.

These adjustments are calculated as follows:

| | |
|---|---|
| AUTO LUBE'S REQUEST FOR FEES AND COSTS: | $9,277.06 |
| ADJUSTMENTS: | |
| 1. Claims unsupported by time records: | |
| Schultz–4.85 hours × $125/hour = $606.25 | |
| Kaye–.75 of an hour × $80/hour = 60.00 | |
| Frossard–1.25 hours × $40/hour = 50.00 | |
| | (716.25) |
| 2. Time disallowed for objection to first removal petition: | |
| 1.0 hour × $125/hour = | (125.00) |
| 3. Unspecified phone call: | |
| .25 of an hour × $125/hour = | (31.25) |
| 4. Time disallowed for reviewing JLI's motion to dismiss: | |
| 1.5 hours × $125/hour = | (187.50) |
| 5. Excessive time charges for supplementing fee petition: | |
| 1.75 hours × $125/hour = | (218.75) |
| 6. Reduction for certain charges incurred on appeal: | |
| Schultz___8.85 hours × ½ = 4.425 hours | |
| 4.425 hours × $125/hour = $553.12 | |
| Kaye_____7.75 hours × ½ = 3.875 hours | |
| 3.875 hours × $80/hour = 310.00 | |
| | (863.12) |
| 7. Credit for time spent amending fee petition: | |
| 5 hours × $80/hour = | 400.00 |
| TOTAL FEES AND COSTS: | $7,535.19 |

In addition to the foregoing adjustments recommended by the magistrate, the court finds that further adjustments are warranted. Auto Lube seeks compensation for the nine hours of time spent by Schultz for organizing, outlining, and drafting Auto Lube's appellate brief. In light of the fact that Auto Lube may only recover costs pertaining to the first removal petition, the court finds this time request to be excessive. In connection with the first removal petition, Auto Lube only had to address one straightforward issue: whether Curry made a reasonable inquiry into the facts

before filing the petition. The discussion of this issue should not have demanded extensive research or complex analysis. Therefore, the court finds that a two-hour time reduction is warranted.

Similarly, the combined ten hours spent by Schultz and Kaye for editing and revising the brief is excessive; the court reduces that time request by one-half.

These additional adjustments are reflected in the following calculation:

| | | |
|---|---|---|
| TOTAL FEES AND COSTS (*see supra*) | | $7,535.19 |
| 1. Adjustment to time request for organizing and drafting appellate brief: 2 hours × $125/hour = | | (250.00) |
| 2. Adjustment to time request for revising and editing appellate brief: | | |
| Schultz ....6 hours × ½ = 3 hours 3 hours × $125/hour = | $375.00 | |
| Kaye ........4 hours × ½ = 2 hours 2 hours × $ 80/hour = | | 160.00 |
| | | (535.00) |
| AUTO LUBE'S FEE AWARD | | $6,750.19 [2] |

### B. Mitigating Circumstances

Curry has not made specific objections to the magistrate's calculations. Instead, he argues that several mitigating circumstances justify an overall reduction of the fee award. The Seventh Circuit has indicated that it is appropriate for a court to consider equitable factors when determining the amount of sanctions. *See Brown v. Federation of State Medical Bds.*, 830 F.2d 1429, 1439 (7th Cir.1987); *see also Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 196 (3d Cir. 1988).

The imposition of sanctions under Rule 11 serves two purposes: compensation to the wronged party and deterrence. *Medical Emergency Serv. Assocs. v. Foulke*, 844 F.2d 391, 400 (7th Cir.1988); *Brown*, 830 F.2d at 1437–38. Curry argues that the adverse publicity and attention he received as a result of being sanctioned by the Seventh Circuit is sufficient to satisfy Rule 11's primary goal of deterrence. But sanctions should not only be tailored to deter the instant offender from engaging in undesirable conduct in the future; an award of sanctions should also serve to deter others from abusing the legal system. *Brown*, 830 F.2d at 1438. This court does not agree with Curry that the negative publicity accompanying his case, standing alone, is an adequate deterrent. Besides, if the Seventh Circuit believed that such negative publicity is a sufficient sanction, then it would have never remanded the case for a determination of costs. Aside from the deterrent aspect of awarding monetary sanctions, Auto Lube is entitled to compensation for the expenses it incurred as a direct result of Curry's conduct. Rule 11's dual purposes of deterrence and compensation will best be served by requiring Curry to pay the costs he imposed on his adversary.

Curry also argues that a substantial monetary sanction could threaten the viability of his private practice. Curry recently left a large, high-powered law firm and

---

**2.** As the attorney who signed the groundless petition for removal, Curry is personally liable for Auto Lube's fees and costs. "The signing attorney cannot leave it to some trusted subordinate, or to one of his partners, to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that he personally has applied his own judgment." *Pavelic & LeFlore v. Marvel Entertainment Group*, —— U.S. ——, 110 S.Ct. 456, 459, 107 L.Ed.2d 438 (1989).

started his own practice. This court, however, is not convinced that the imposition of monetary sanctions poses a severe threat to Curry's financial well-being. For an attorney such as Curry, who has been practicing law for several years, the $6,750.19 fee award is entirely manageable. Unpersuaded by Curry's unsubstantiated assertions of financial hardship, this court sees no reason to further reduce Auto Lube's fees and costs.

 Curry's final argument for an abatement of sanctions is that his pre-filing inquiry was not entirely unreasonable—a position flatly rejected by the Seventh Circuit. The court stated that Curry's lack of investigation was not only unreasonable, it was "inexcusable." *See S.A. Auto Lube, Inc.*, 842 F.2d at 949. Curry's arguments with respect to the appropriateness of sanctions have been addressed and rejected by the Seventh Circuit, and will not provide a basis for mitigation here. Curry has practiced law in both the public and private sectors, and he was well aware of the need to verify the existence of federal jurisdiction before attempting to remove the case. While Curry claims that the Seventh Circuit made several factual errors in rendering its decision, none of the alleged errors are material to the disposition of this fee petition. Curry was not a "victim of circumstance," as he would have this court believe. Rather, he was a victim of his own inexcusable carelessness.

In addition to the unnecessary burden placed on his opponent, Curry's improvident removal has placed an undue burden on an already congested federal court system. This case has languished on district and appellate court dockets for approximately four years, occupying scarce judicial resources and imposing needless cost and delay on Auto Lube. *See Frantz v. United States Powerlifting Fed'n*, 836 F.2d 1063, 1066 (7th Cir.1987) (when determining an appropriate sanction, courts may consider the injury to the "judicial system and other litigants, whose day in court is postponed as judges must devote time to needless motions and heedless litigants"). The court therefore concludes that Curry is not entitled to a reduction in the amount of fees and costs incurred by Auto Lube.

### III. CONCLUSION

For the foregoing reasons, the magistrate's report and recommendation is partially adopted. Having made several adjustments to the magistrate's recommended fee award, the court hereby orders Curry to pay fees and costs to Auto Lube in the amount of $6,750.19.

IT IS SO ORDERED.